CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDY HOOD-COOK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:24-cv-00862 |
| | ) | |
| SWVRJA-DUFFIELD | ) | |
| FACILITY, et al., | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

### MEMORANDUM OPINION

Plaintiff Brandy Hood-Cook, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Hood-Cook names the Southwest Virginia Regional Jail Authority's Duffield Facility (Duffield) and Duffield's Records Department as defendants. This action will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Hood-Cook principally alleges that she has already served her sentence and "should [have] already been released" but has not received a release date. Dkt. No. 1, at 2. She further alleges that Duffield is on lockdown for 20 hours per day which has caused her "extreme

amounts of stress [and] depression[.]" *Id.* In terms of relief, Hood-Cook requests (i) an order requiring Duffield to "remove" its lockdown, (ii) an order requiring Duffield's Records Department to "get in touch with [the Department of Corrections] and get [her] time calculated ASAP," (iii) her release from incarceration, and (iv) $8,000 in damages for "pain and suffering[.]" *Id.* at 3.

Hood-Cook cannot prevail in a § 1983 claim against Duffield. A local jail facility cannot qualify as a person subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."). Because Hood-Cook's claim regarding Duffield's lockdown policy is asserted against the jail, the claim fails.

Otherwise, Hood-Cook complains that she has already served her sentence but has not received a release date. The Supreme Court held in *Preiser v. Rodriguez* that the remedy to an inmate raising a sentence-calculation or max-out claim lies in habeas corpus and not in a civil rights § 1983 action. 411 U.S. 475, 489 (1973). That is, § 1983 is not the proper vehicle to challenge the fact or duration of confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1991). Accordingly, Hood-Cook's claim regarding the calculation of her sentence and release date fails.

For these reasons, I will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Enter:  April 24, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

2